Stephen V. Gimigliano (SG-8570)
Robert W. Mauriello, Jr. (RM-0850)
Gina M. Graham (GG-6214)
GRAHAM CURTIN
A Professional Association
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Plaintiff
Innovative Control Systems, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INNOVATIVE CONTROL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTELIO TECHNOLOGIES, INC., <br><br> Defendant. | Case No.1:08-CV-7226(LTS)(HBP)(ECF CASE) <br><br> Civil Action <br><br> COMPLAINT |

Plaintiff Innovative Control Systems, Inc. ("ICS"), by way of Complaint against defendant Intelio Technolgies, Inc. ("Intelio"), says:

THE PARTIES

1. At all relevant times, ICS is and has been organized under the laws of the State of Pennsylvania and has or has had its principal place of business in Wind Gap, Pennsylvania.

2. Upon information and belief, Intelio is a corporation organized under the laws of the State of Delaware with its principal place of business in Irvine, California.

618892_1

## NATURE OF THE ACTION

3. This is an action for false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and sections 349 and 350 of New York General Business Law, and similar laws of other states in which the false advertisement was disseminated.

4. This action stems from Intelio's placement of an advertisement making a false, deceptive and misleading comparison between its product and ICS's product in a publication published in New York and distributed throughout New York, including this judicial district, and the United States.

## JURISDICTION AND VENUE

5. For the reasons set forth herein, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. In addition, this Court would also have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. For the reasons set forth herein, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

7. Upon information and belief, Intelio is the manufacturer of a software system for the automated operation of car washes known as the ActiVA model.

8. ICS is the designer and manufacturer of various software systems for the automated operation of car washes, including the models known as the Auto Sentry and the Wash Valet.

9. ICS and Intelio are direct competitors in the market for software systems for the automated operation of car washes.

618892_1

10. Upon information and belief, Professional Carwashing and Detailing is a trade magazine published in New York and distributed throughout New York and the United States.

11. In the August 2008 issue of Professional Carwashing and Detailing, Intelio placed an advertisement, which makes a direct comparison between ICS's Auto Sentry model and Intelio's ActiVA model, and which is annexed hereto as Exhibit A.

12. The advertisement states that Intelio's ActiVA has a "Suggested List Price" of $18,780, while ICS's Auto Sentry has a "Suggested List Price" of $27,700, and that therefore purchasing the Intelio ActiVA will result in a "25% savings."

13. This advertisement is misleading, false and deceptive because ICS's Auto Sentry and Intelio's ActiVA are not comparable products; rather, ICS's Wash Valet is directly comparable to Intelio's ActiVA because they are both stand-alone, automatic pay-stations. By contrast, ICS's Auto Sentry is only used in conjunction with Tunnel Master™ and other control equipment as part as a fully integrated site management system.

14. The list price for the comparable ICS Wash Valet is $18,995, a difference in price from the Intelio ActiVA of approximately 1%.

15. Furthermore, the Intelio advertisement states that the ICS Auto Sentry does not have "7x24 Monitoring/Alerts," which is false as to both the ICS Auto Sentry and Wash Valet.

16. The Intelio advertisement also falsely states that "Multi-gate Stacking" is an "Optional" feature of the ICS Auto Sentry; this feature is standard on the ICS Auto Sentry.

618892_1

17. In addition, the Intelio advertisement intentionally omits the other superior features of the ICS Auto Sentry that accrue from an integrated site management system that links tunnel control, software and other POS hardware to provide a complete facility solution.

## COUNT I
(False Advertising In Violation of
Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

18. Paragraphs 1 through 17 above are incorporated by reference as if fully set forth herein.

19. Intelio has violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), by using in commerce a false or misleading description of fact or representation of fact which, in commercial advertising or promotion, misrepresents the nature, characteristics and/or qualities of the goods of ICS, which has resulted in and is likely to continue to result in damage to ICS.

20. Upon information and belief, Intelio intentionally and/or knowingly caused the false advertisement to be published.

21. Upon information and belief, actual and potential customers of ICS have been and will be deceived or confused by the false advertisement, and as a result have been and will be misled into believing that Intelio's product is significantly less expensive and of better quality than ICS's products, which is incorrect.

22. As a result of the actual and potential customer reliance on Intelio's false advertisement, ICS has been injured.

23. ICS has been damaged and will continue to be damaged as a result of Intelio's false advertising in violation of section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a),

618892_1

in that it has and will continue to suffer lost profits due to diverted sales and loss of reputation and good will.

24. By reason of the foregoing, ICS is entitled to the remedies provided for by sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

COUNT II
(False Advertising In Violation of
New York General Business Law Sections 349 and 350,
And Similar Laws of Other States)

25. Paragraphs 1 through 24 above are incorporated by reference as if fully set forth herein.

26. By engaging in such false, deceptive and misleading advertising in the conduct of business, trade or commerce in the State of New York, Intelio has engaged in deceptive acts or practices in violation of New York General Business Law section 349 and false advertising in violation of New York General Business Law section 350, and similar laws of other states in which the false advertisement was disseminated.

27. ICS has been damaged and will continue to be damaged as a result of Intelio's false advertising in violation of New York General Business Law sections 349 and 350, and similar laws of other states in which the false advertisement was disseminated, in that it has and will continue to suffer lost profits due to diverted sales and loss of reputation and good will.

28. By reason of the foregoing, ICS is entitled to the remedies provided for by New York General Business Law sections 349 and 350, and similar laws of other states in which the false advertisement was disseminated.

WHEREFORE ICS respectfully requests that judgment be entered in its favor and against Intelio, as follows:

(a) Restraining Intelio from continuing to use or causing to be used any commercial advertising, which misrepresents the nature, characteristics and/or qualities of ICS's goods, including but not limited to the false advertisement annexed hereto as Exhibit A;

(b) Requiring Intelio to engage in corrective action, including but not limited to a retraction of the false advertisement, and publication of a corrected advertisement indicating that the proper comparison should have been between the Intelio ActiVA and the ICS Wash Valet, and making such comparison;

(c) Awarding ICS compensatory damages, including but not limited to damages for lost profits due to diverted sales and loss of reputation and good will, and that said damages be trebled;

(d) Awarding ICS the costs it has incurred in connection with this action, including but not limited to reasonable attorneys' fees; and

(e) Awarding any and other such relief which shall be afforded to ICS as this Court may deem just and proper.

618892_1

Dated: August 13, 2008
      Morristown, New Jersey

*[signature]*
_____
Stephen V. Gimigliano (SG-8570)
Robert W. Mauriello, Jr. (RM-0850)
Gina M. Graham (GG-6214)
GRAHAM CURTIN, P.A.
Four Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Attorneys for Plaintiff
Innovative Control Systems, Inc.

618892_1

Exhibit A

Case 1:08-cv-07226-LTS    Document 1    Filed 08/14/2008    Page 8 of 9

# Your accountant will love you for the 25% savings.

# Your customers will love you for the experience.

# Our competitors? They're not feeling the love.

We give your customer a more enjoyable car wash experience. And we give you a more profitable one. Call 1-800-874-6099 and find out how we'll save you lots of money from Day One. And make you more money every day after.

| Company Model | ICS Auto-Sentry | Intelio ActiVA | Unitec Portal T/I |
|---|---|---|---|
| Display Size | 15" | 15" | 12" |
| Input Medium | Touchscreen | Touchscreen | Keypad |
| Pay-at-Pump Interface | Yes | Yes | Yes |
| Dollar Bill Dispenser(s) | Yes-One | Yes-Two | Yes-One |
| 7x24 Monitoring/Alerts | No | Yes | No |
| Multi-gate Stacking | Optional | Optional | Optional |
| Suggested List Price | $27,700 | $18,780 | $23,950 |



ACTIVA VIRTUAL ATTENDANT  POWERED BY  INTELIO Remote Workplace Management